UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

FILED
Jan 09 2018
Matthew Thelen
CLERK

| | |
|---|---|
| KEITH L. WRIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, OSCAR RAMERIZ, F.B.I. SPECIAL AGENT; DAVID MACKEY, F.B.I. SPECIAL AGENT; LARRY LONG, FORMER UNITED STATES ATTORNEY GENERAL FOR SOUTH DAKOTA; MARTY J. JACKLEY, FORMER UNITED STATES ATTORNEY FOR SOUTH DAKOTA; BRENDAN V. JOHNSON, FORMER ASSISTANT UNITED STATES ATTORNEY FOR SOUTH DAKOTA; RANDOLPH J. SEILER, FORMER ASSISTANT UNITED STATES ATTORNEY FOR SOUTH DAKOTA; ERIC KELDERMAN, CURRENT ASSISTANT UNITED STATES ATTORNEY FOR SOUTH DAKOTA; JEREMY R. JEHANGIRI, CURRENT ASSISTANT UNITED STATES ATTORNEY FOR SOUTH DAKOTA; KEVIN KOLINER, CURRENT ASSISTANT UNITED STATES ATTORNEY FOR SOUTH DAKOTA; STEPHANIE C. BENGFORD, CURRENT ASSISTANT UNITED STATES ATTORNEY FOR SOUTH DAKOTA; JEFFERY L. VIKEN, FORMER UNITED STATES FEDERAL PUBLIC DEFENDER FOR SOUTH DAKOTA; JANA MINER, FORMER ASSISTANT UNITED STATES FEDERAL PUBLIC DEFENDER; EDWARD G. ALBRIGHT, CURRENT ASSISTANT UNITED STATES FEDERAL PUBLIC DEFENDER; ROBERT OVERTURE, CURRENT ASSISTANT UNITED STATES FEDERAL PUBLIC DEFENDER; KAREN E. SCHREIER, FORMER CHIEF UNITED STATES DISTRICT JUDGE FOR SOUTH DAKOTA; | 3:17-CV-03011-LLP<br><br>ORDER DISMISSING CASE |

CHARLES B. KORNMANN, CURRENT UNITED STATES DISTRICT JUDGE FOR SOUTH DAKOTA; ROBERTO A. LANGE, CURRENT UNITED STATES DISTRICT JUDGE FOR SOUTH DAKOTA; MARK MORENO, CURRENT UNITED STATES MAGISTRATE JUDGE FOR SOUTH DAKOTA; VERONICA L. DUFFY, CURRENT UNITED STATES MAGISTRATE JUDGE FOR SOUTH DAKOTA; UNITED STATES FEDERAL BUREAU OF PRISON'S, UNITED STATES MARSHALL SERVICE, UNITED STATES DEPARTMENT OF JUSTICE, STATE OF SOUTH DAKOTA, MICHAEL ROUNDS, FORMER GOVERNOR FOR STATE OF SOUTH DAKOTA; DENNIS M. DAUGAARD, CURRENT GOVERNOR FOR STATE OF SOUTH DAKOTA; MICHAEL STRAIN, FORMER MELLETTE COUNTY STATE ATTORNEY FOR SOUTH DAKOTA; DUSTIN BAXTER, FORMER MELLETTE COUNTY SHERIFF; JUSTIN HOOPER, FORMER DEPUTY FOR MELLETTE COUNTY SHERIFF OFFICE/DEPARTMENT; FRED DAVIS, FORMER DEPUTY FOR MELLETTE COUNTY SHERIFF OFFICE/DEPARTMENT; DERRIS WAUKAZOO, FORMER DEPUTY FOR MELLETTE COUNTY SHERIFF OFFICE/DEPARTMENT; JESSE BLACK ELK, FORMER DEPUTY FOR MELLETTE COUNTY SHERIFF OFFICE/DEPARTMENT; ANDREA WADE, CURRENT MELLETTE COUNTY MAGISTRATE JUDGE FOR SOUTH DAKOTA; LORI S. WILBUR, FORMER PRESIDING CIRCUIT JUDGE FOR SOUTH DAKOTA; KATHLEEN TRANDAHL, FORMER CIRCUIT COURT JUDGE FOR SOUTH DAKOTA; JAMES W. ANDERSON, FORMER CIRCUIT COURT JUDGE FOR SOUTH DAKOTA; ROSEBUD SIOUX TRIBE POLICE DEPARTMENT, SHERMAN MARSHALL, CHIEF JUDGE ROSBEBUD SIOUX TRIBE COURTS; RODNEY BORDEAUX, FORMER ROSEBUD SIOUX TRIBE COUNCIL PRESIDENT; WILLIAM

| | |
|---|---|
| KINDLE, CURRENT ROSEBUD SIOUX TRIBE COUNCIL PRESIDENT; UNITED STATES DEPARTMENT OF INTERIOR, DEPARTMENT OF SOCIAL SERVICE FOR SOUTH DAKOTA, MISSION, SD DIVISION; TIFFANY R.M. LEADING CLOUD, TITUS J. LEADING CLOUD, JEREMY C. LEADING CLOUD, JESSICA L. WRIGHT, LEIGH A. LEADING CLOUD, RICHARD ROUBIDEAUX, JUANITA M. KILBOURN, SEAN H.D. KILBOURN, PERI STRAIN, JODY CALLAWAY, MARVIN THIN ELK, PATRICIA THIN ELK, DENNIS YOUNGMAN, ROSE ANN WENDELL, ALVIN PAHLKE, EMILY SOVELL, CLARABELLE LEADING CLOUD-BORDEAUX, JEANETTE ROAN EAGLE-LEE, Defendants. | |

Plaintiff, Keith Lee Wright, is in the custody of the United States Bureau of Prisons serving a life sentence. *U.S. v. Wright*, CR 06-30026, Dockets 86 and 94. Wright filed a pro se Criminal Complaint and Civil Rights Complaint in this case naming many defendants. Docket 1. Wright paid his full filing fee (Dockets 3 and 4), filed a motion for pro se notice of appearance (Docket 5), and moved for a new trial (Docket 7).

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." *Lewis v. Estes*, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999)).

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774

3

F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

Mr. Wright characterizes his case in part as a criminal complaint. Docket 1. Private individuals do not have the right to prosecute defendants for alleged violations of federal criminal statutes. *Whatley v. United Parcel Serv., Inc.*, Civ. No. 4:08–1108, 2009 WL 3756624, at *10 (E.D.Mo.2009) (internal citation omitted). Consequently, Mr. Wright has "no standing to assert a claim arising under a criminal statute." *Winkle v. Sargus*, Civ. No. 2:14–0003, 2014 WL 111173, at *1 (S.D.Ohio Jan. 10, 2014) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)).

Mr. Wright also characterizes his case as a civil rights complaint. Docket 1. Mr. Wright, however, fails to allege specific facts and merely recites legal claims with broad descriptions. Although the court holds pro se litigants' pleadings to "less stringent standards than formal pleadings drafted by lawyers," it is not the duty of this court to assist pro se litigants with their substantive claims. *Haines v. Kemer*, 404 U.S. 519, 520 (1972). Furthermore, a § 1983 or § 1985 complaint is not the proper venue for Mr. Wright's claims for injunctive relief. Mr. Wright

4

claims that his constitutional rights were violated in his criminal case. These are habeas claims. To the extent that Mr. Wright seeks habeas relief, these claims are dismissed. Mr. Wright has already filed two federal habeas petitions, the proper vehicle for these claims. See Civ. Doc. 09-3017; Civ. Doc. 14-3014. Judge Schreier denied Wright's first § 2255 petition with an analysis of why Wright's claim that there was a lack of federal criminal jurisdiction over him failed and why claims of prosecutorial misconduct and misrepresentation likewise failed. Civ. Doc. 09-3017. In his second petition, Judge Lange dismissed the § 2255 case on screening as a second or a successive petition. Civ. Doc. 14-3014.

Mr. Wright also filed a motion for a new trial. Docket 7. Rule 33 of the Federal Rules of Criminal Procedure provides for a "motion for new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." The time to file a motion for a new trial has passed. Additionally, it is not at all clear from Mr. Wright's motion what newly discovered evidence he possesses.

Accordingly, it is ORDERED

1. Wright's motion for a new trial (Docket 7) is denied.
2. Wright's case (Docket 1) is dismissed without prejudice for failure to state a claim upon which relief may be granted.
3. Wright's motion for pro se notice of appearance (Docket 5) is denied as moot.

Dated this 9th day of January, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
By: *signature*
Deputy

5